UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PNC BANK NATIONAL
ASSOCIATION,

      Plaintiff,

v.                              CASE NO. 8:15-cv-1292-T-23MAP

JOSEPH A. GAETA, JR., et al.,

      Defendants.

_____/

## **ORDER**

PNC Bank sues (Doc. 1) Joseph A. Gaeta, Jr., and Kolleen E. Gaeta.  After the clerk entered (Docs. 15, 16) a default against each defendant, PNC Bank moved (Doc. 18) for a default judgment.  "[A] defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact" but not the amount of damages.  *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (internal quotation marks omitted); *Pope v. United States*, 323 U.S. 1, 12 (1944).  Rule 55(b)(2), Federal Rules of Civil Procedure, "gives courts broad discretion to determine what additional evidence [on the amount of damages], if any, is required to enter default judgment."[1] *C & M Inv. Grp., Ltd. v. Campbell*, 448 Fed. Appx. 902, 906 (11th Cir. 2011) (per curiam).

---

[1] Rule 55(b)(2)(B) states that "the court may conduct hearings . . . to determine the amount of damages."

Case 8:15-cv-01292-SDM-MAP   Document 19   Filed 09/18/15   Page 2 of 4 PageID 208

The complaint alleges that, in accord with a May 8, 2013 bankruptcy order "confirming the Defendant[s'] plan of reorganization," the defendants owe $1,118,397.15 to PNC Bank "as of December 4, 2012." (Doc. 1 ¶¶ 32, 34) Further, the complaint alleges (1) that the interest on the debt is $300.60 for each day from December 4, 2012, (2) that the defendants are "liable to PNC [Bank] for attorneys' fees in the amount of 15% of the Indebtedness," and (3) that PNC Bank received $302,268.28 "in net sale proceeds" of real property. (Doc. 1 ¶¶ 39, 53) The complaint requests as a judgment for PNC Bank and against the defendants (1) $1,118,397.15 (2) plus interest accumulated from December 4, 2012, to the date of the judgment (3) plus an attorney's fee and costs (4) minus $302,268.28.

In support, PNC Bank submits two agreements (Docs. 1-3, 1-4), in which Joseph A. Gaeta, Jr., and Kolleen E. Gaeta each guarantees Solution Home Buyers' payment to PNC Bank of $895,000.00, interest, and "reasonable attorneys' fees in the amount of fifteen (15%) percent of the outstanding amount of the Obligations of Consumer after default."[2] Also, PNC Bank submits Solution Home Buyers' "plan of reorganization" (Doc. 1-8), which lists the "secured claim of PNC Bank in the approximate amount of $1,118,397.15 . . . with a first priority, property perfected mortgage against and security interest in the real property located at 5223 Avenida Navarra, Sarasota, FL 34242." An authorization (Doc. 1-11) of a wire transfer

---

[2] The guaranty is for RBC Centura Bank. However, RBC Centura Bank became RBC Bank, which then merged with PNC Bank. (Doc. 1-5)

shows that PNC Bank received $302,268.28 from sale of the real property.  A May 8, 2013 bankruptcy order (Doc. 1-8 at 27, 28) confirms the plan.[3]

PNC Bank submits evidence supporting a judgment for PNC Bank and against the defendants for $1,118,397.15 minus $302,268.28, which equals $816,128.87. However, a review of the record reveals no evidence supporting a judgment for interest, an attorney's fee, and costs.  The reorganization plan states:

> If no sale occurs within six (6) months of the Plan effective date, the Sarasota property shall be auctioned by an auctioneer selected by PNC Bank, at its sole and absolute discretion. . . . After payment of the PNC Secured Claim in full, plus post-petition fees, costs and interest, any excess funds shall revert to the Debtor for the benefit of holders of Allowed Class 5 Unsecured Claims. In the event the Sarasota Property sells for less than the total amount of the PNC Secured Claim, PNC Bank shall have an Allowed Class 5 Unsecured Claim in the Debtor's bankruptcy case for any deficiency calculated by the difference between the total amount of the PNC Secured Claim and the net proceeds of the sale received by PNC Bank.

(Doc. 1-8 at 23)

If the real property had sold for more than $1,118,397.15, PNC Bank would have received "post-petition fees, costs and interest."  However, because the real property sold for $302,268.28, which is less than $1,118,397.15, the plan limits PNC Bank's claim to the difference between $1,118,397.15 and $302,268.28.  Although the defendants' guaranties allow PNC Bank "reasonable attorneys' fees," the reorganization plan states that the plan "set[s] forth the entire agreement and

---

[3] The May 8, 2013 bankruptcy order states, "This Court hereby retains jurisdiction to hear such other matters as are necessary to enforce this Order or the Plan." (Doc. 1-8 at 28) However, on July 8, 2013, the bankruptcy judge entered (No. 8:12-bk-18322-KRM, Doc. 90) a final decree and closed the case.

undertaking relating to the subject matter thereof and supersede[s] all prior discussion and documents." (Doc. 1-8 at 16)

PNC Bank's motion (Doc. 18) for a default judgment is **GRANTED**.  The clerk is directed (1) to enter a judgment for PNC Bank and against the defendants for $816,128.87 and (2) to close the case.

ORDERED in Tampa, Florida, on September 18, 2015.

_____

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE